IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARK C. OZBURN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 3:05-CV-12 (CAR) |
| | : | |
| ENGINEERED QUALITY PLASTICS | : | |
| SIEGEL-ROBERTS PLASTICS, INC., | : | |
| | : | |
| Defendant. | : | |

*ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION*

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 25]. Through his motion, Plaintiff seeks reconsideration of an Order [Doc. 22] dismissing the case pursuant to Rules 37(b)(2)(C) and 41 of the Federal Rules of Civil Procedure. Defendant has filed a Response [Doc. 26] to Plaintiff's motion. For the reasons set forth below, Plaintiff's Motion for Reconsideration [Doc. 25] is **DENIED**.

*BACKGROUND*

Plaintiff, acting *pro se* and proceeding *in forma pauperis*, initiated this action on March 3, 2005. On April 29, 2005, the Court entered an Order requiring all parties to submit a Rules 16 and 26 Joint Proposed Discovery and Scheduling Order no later than June 15, 2005 [Doc. 9]. Defendant, however, was unable to contact Plaintiff to confer as to the proposed order, and therefore submitted a unilateral order. On July 1, 2005, the Court entered a second Order [Doc. 15] directing Plaintiff to cooperate with Defendant in drafting a joint proposed order to be submitted no later than July 15, 2005. The Court also warned Plaintiff that his failure to comply, or to show good cause for his

failure to comply, with the Federal Rules of Civil Procedure and this Court's Order by July 15, 2005, would result in dismissal of his case.  Following the entry of the second Order, Defendant claims that it attempted to contact Plaintiff by telephone and mail to discuss the joint proposed order.  Plaintiff, however, failed to confer with Defendant, failed to comply with the Court's Order, and failed to communicate with the Court to explain his non-compliance.

Plaintiff also failed to cooperate and respond at his deposition on July 26, 2005.  Defendant's counsel scheduled the deposition with Plaintiff's consent for 9:00 a.m. on July 26, 2005.  The deposition was scheduled to take place in Athens, Georgia, where Plaintiff resides.  Defendant subsequently sent a Notice of Deposition [Doc. 17] confirming the date, time, and place of the deposition.  Defendant's counsel subsequently reconfirmed the deposition by letter on July 22, 2005, and again by telephone on July 25, 2005.  However, on the eve of the deposition, when Defendant's counsel called Plaintiff to confirm the deposition, Plaintiff indicated that he had an appointment with his bank about his house foreclosure at 9:30 a.m.  Plaintiff had not advised Defendant of this conflict prior to the July 25, 2005 telephone call.  Defendant, however, agreed to delay the deposition until 10:30 a.m. and Defendant claims Plaintiff assented to this arrangement.

Plaintiff arrived at the deposition at approximately 1:30 p.m., but refused to cooperate with Defendant's representative and Defendant's counsel.  Specifically, he refused to enter the room where the court reporter was prepared to take his deposition and refused to respond to Defendant's counsel or Defendant's representative.  Plaintiff now claims that he suffered a panic attack when he arrived at the deposition, and attributes his behavior at the deposition to this attack.

On August 10, 2005, after hearing nothing further from Plaintiff about the joint proposed order or Plaintiff's conduct during the deposition, the Court dismissed Plaintiff's case pursuant to

2

Rules 37(b)(2)(C) and 41. The Court cited Plaintiff's failure to comply with the Court's Orders and his failure to cooperate during his deposition as grounds for dismissal. Plaintiff then filed the present Motion for Reconsideration on August 23, 2005.

## *DISCUSSION*

Reconsideration of a previous order is an extraordinary remedy, and should be employed sparingly. Region 8 Forest Servs. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805-06 (11th Cir. 1993); Am. Ass'n of People With Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). Reconsideration is appropriate only if the movant demonstrates that: (1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. Richards v. United States, 67 F. Supp. 2d 1321, 1322 (M.D. Ala. 1999); McCoy v. Macon Water Auth., 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

Plaintiff does not argue that there has been an intervening change in the law, that there is new evidence, or that the Court committed clear error in dismissing the case. Instead, Plaintiff apologizes for missing the numerous deadlines imposed by the Court, for failing to appear on time to his deposition, and for failing to cooperate once he did arrive at his deposition. Plaintiff further explains the circumstances surrounding his failure to cooperate during his deposition.

Plaintiff, however, fails to explain why he repeatedly refused, both before and after the date of his deposition, to comply with the Court's Orders instructing him to cooperate with Defendant in preparing a Joint Proposed Scheduling and Discovery Order. The Court's Orders warned Plaintiff that his case would be dismissed if he failed to cooperate, yet Plaintiff completely disregarded the

deadlines imposed by the Court and failed to communicate with the Court to explain his non-compliance. Plaintiff's post-hoc explanation for his behavior at the deposition, therefore, fails to justify his disobedience of the Court's Orders. The Court remains unconvinced that it should afford Plaintiff the extraordinary remedy of reconsideration.

Notwithstanding its denial of Plaintiff's Motion for Reconsideration, the Court stands by its decision to dismiss the present lawsuit. The Court dismissed the case pursuant to Rules 37(b)(2)(C) and 41 of the Federal Rules of Civil Procedure. Those rules permit dismissal of a lawsuit as a sanction for a litigant's failure to comply with a court order. Dismissal is appropriate where there is "a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). As discussed above, Plaintiff repeatedly has demonstrated a willful disregard of the Court's Orders. Furthermore, lesser sanctions are insufficient, as the Court is unwilling to place additional burdens on Defendant, who already has spent considerable time and money trying to work with Plaintiff to draft a Joint Proposed Scheduling and Discovery Order.

The Court recognizes that dismissal is an extraordinary remedy. However, because Plaintiff disregarded the Court's Orders after being forewarned of the consequences of his non-compliance, dismissal is appropriate. Moon v. Newsome, 863 F.2d 835, 836 (11th Cir. 1989). Furthermore, while *pro se* litigants generally are afforded wide latitude when construing their pleadings and papers, the general rule of liberal construction does not permit courts to exempt *pro se* litigants from complying with the Federal Rules of Civil Procedure or other court orders. See, e.g., Loren v. Sasser, 309 F. 3d 1296, 1304 (11th Cir. 2002); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999); Brown v. Crawford, 906 F.2d 667. 670 (11th Cir. 1990).

*CONCLUSION*

For the foregoing reasons, Plaintiff's Motion for Reconsideration [Doc. 25] is **DENIED**.

**SO ORDERED**, this 21st day of February, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

AEG/ssh